IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | |
|---|---|
| BRITTANY CAMPBELL, ) | |
| ) | No. 0:19-cv-1408-DCN-PJG |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | **ORDER** |
| ANDREW SAUL, Commissioner of Social ) | |
| Security,[1] ) | |
| ) | |
| Defendant. ) | |
| ) | |

This matter is before the court on Magistrate Judge Paige J. Gossett's report and recommendation ("R&R") that the court affirm Commissioner of Social Security Andrew Saul's ("Commissioner") decision granting in part and denying in part claimant Brittany Campbell's ("Campbell") application for disability insurance benefits ("DIB") under the Social Security Act (the "Act"). For the reasons set forth below, the court adopts the R&R and affirms the decision of the Commissioner.

## I. BACKGROUND

### A. Procedural History

Campbell filed an application for DIB on December 4, 2015, alleging a disability onset date of August 20, 2015. The Social Security Administration (the "Agency") denied Campbell's application initially on June 2, 2016 and upon reconsideration on September 30, 2016. Campbell requested a hearing before an administrative law judge ("ALJ"), and ALJ Frederick W. Christian presided over a hearing held on November 8,

---

[1] Andrew Saul is now the Commissioner of Social Security. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Andrew Saul is automatically substituted for Nancy A. Berryhill, former Commissioner, as the defendant in this lawsuit.

1

2017. In a decision issued on May 2, 2018, the ALJ determined that Campbell was disabled within the meaning of the Act beginning on December 21, 2016. Campbell, disagreeing with the ALJ's determination of her disability onset date, requested Appeals Council review of the ALJ's decision, and on March 12, 2019, the Appeals Council denied further review, making the ALJ's decision the final decision of the Commissioner.

On May 14, 2019, Campbell filed this action, seeking review of the ALJ's decision. ECF No. 1. Pursuant to 28 U.S.C. § 636 and Local Civ. Rule 73.02(B)(2)(a) (D.S.C.), the matter was assigned to Magistrate Judge Gossett, who issued an R&R on October 13, 2020, recommending that this court affirm the ALJ's decision. ECF No. 24. Campbell filed an objection to the R&R on October 27, 2020. ECF No. 26. The Commissioner notified the court that it would not be filing a response to Campbell's objections. ECF No. 27. As such, the matter is now ripe for the court's review.

**B. ALJ's Decision**

The Social Security Act defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A); 20 C.F.R. § 404.1505. The Social Security regulations establish a five-step sequential evaluation process to determine whether a claimant is disabled. See 20 C.F.R. §§ 404.1520, 416.920. Under this process, the ALJ must determine whether the claimant: (1) is currently engaged in substantial gainful activity; (2) has a severe impairment; (3) has an impairment which equals an impairment contained in 20 C.F.R. § 404, Subpt. P, App'x 1, which warrants a finding of disability without considering

vocational factors; (4) if not, whether the claimant has an impairment which prevents him or her from performing past relevant work; and (5) if so, whether the claimant is able to perform other work considering both his or her remaining physical and mental capacities (defined by his or her residual functional capacity) and his or her vocational capabilities (age, education, and past work experience) to adjust to a new job.  See 20 C.F.R. § 404.1520; Hall v. Harris, 658 F.2d 260, 264-65 (4th Cir. 1981).  The applicant bears the burden of proof during the first four steps of the inquiry, while the burden shifts to the Commissioner for the final step.  Pass v. Chater, 65 F.3d 1200, 1203 (4th Cir. 1995) (citing Hunter v. Sullivan, 993 F.2d 31, 35 (4th Cir. 1992)).  "If an applicant's claim fails at any step of the [sequential evaluation] process, the ALJ need not advance to the subsequent steps."  Id. (citing Hunter, 993 F.2d at 35).

   To determine whether Campbell was disabled at any point between her alleged onset date of August 20, 2015 and November 8, 2017, the date of her hearing, the ALJ employed the statutorily required five-step evaluation process.  At step one, the ALJ found that Campbell had not engaged in substantial gainful employment since her alleged disability onset date.  Tr. 18.  At step two, the ALJ determined that Campbell suffered from the severe impairments of anxiety and depression.  Id.  At step three, the ALJ reached two conclusions.  First, he found that Campbell's impairment did not meet or medically equal one of the impairments listed in the Agency's Listing of Impairments (the "Listings") prior to December 21, 2016.  Tr. 18–20.  Second, he determined that Campbell's impairments did meet the criteria of one the impairments listed in the Listings after December 21, 2016.  Tr. 25–26 (citing 20 C.F.R. §§ 404.1520(d) and 404.1525).  Before reaching the fourth step, the ALJ determined that Campbell retained

the residual functional capacity ("RFC"), prior to December 21, 2016, to "perform a full range of work at all exertional levels" subject to several non-exertional limitations. Tr. 20–24. At the fourth step, the ALJ found that Campbell, since her alleged disability onset date, has been unable to perform any past relevant work. Tr. 24. At step five, the ALJ determined that, prior to December 21, 2016, Campbell could have performed jobs that existed in significant numbers in the national economy. Therefore, the ALJ concluded that Campbell was disabled under the meaning of the Act from December 21, 2016 through the date of her hearing, meaning that Campbell was not disabled prior to December 21, 2016. Tr. 27.

## II.  STANDARD

This court is charged with conducting a de novo review of any portion of the Magistrate Judge's R&R to which specific, written objections are made. 28 U.S.C. § 636(b)(1). A party's failure to object is accepted as agreement with the conclusions of the Magistrate Judge. See Thomas v. Arn, 474 U.S. 140, 149-50 (1985). The recommendation of the Magistrate Judge carries no presumptive weight, and the responsibility to make a final determination rests with this court. Mathews v. Weber, 423 U.S. 261, 270-71 (1976).

Judicial review of the Commissioner's final decision regarding disability benefits "is limited to determining whether the findings of the [Commissioner] are supported by substantial evidence and whether the correct law was applied." Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990). Substantial evidence is "more than a mere scintilla of evidence but may be somewhat less than a preponderance. If there is evidence to justify a refusal to direct a verdict were the case before a jury, then there is 'substantial

evidence.'" Id. (quoting Laws v. Celebrezze, 368 F.2d 640, 642 (4th Cir. 1966)). "[I]t is not within the province of a reviewing court to determine the weight of the evidence, nor is it the court's function to substitute its judgment for that of the [Commissioner] if his decision is supported by substantial evidence." Id. Where conflicting evidence "allows reasonable minds to differ as to whether a claimant is disabled, the responsibility for that decision falls on the [ALJ]," not on the reviewing court. Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996) (internal citation omitted). Although the court will not reweigh the evidence considered, the Commissioner's findings of fact are not binding where they are based on an improper legal standard. Coffman v. Bowen, 829 F.2d 514, 519 (4th Cir. 1987). While the district court's role is limited, "it does not follow . . . that the findings of the administrative agency are to be mechanically accepted. The statutorily granted review contemplates more than an uncritical rubber stamping of the administrative action." Flack v. Cohen, 413 F.2d 278, 279 (4th Cir. 1969).

### III. DISCUSSION

In her lone objection to the R&R, Campbell argues that, despite the finding of the R&R to the contrary, the ALJ's decision "is erroneous in the arbitrary conclusion that the onset date was December 21, 2016 rather than the alleged onset date of August 20, 2015." ECF No. 26 at 2. Campbell presented the same argument to the Magistrate Judge, who concluded in response, "[Campbell] has failed to demonstrate that this finding is unsupported by the substantial evidence or controlled by an error of law." ECF No. 24 at 5. Campbell's argument falls similarly flat here.

As the R&R explained, the record contains ample evidence supporting the ALJ's conclusion that Campbell was not disabled prior to December 21, 2016. The ALJ noted

that Dr. Kaoru Pridgen, Campbell's treating physician, "characterized Campbell's anxiety and depression as stable during this period." Tr. 22. The ALJ also found that no "psychiatric examination or mental status examinations" prior to December 21, 2016, reported "significant issues," a trend that "continued through to the established onset date" of December 21, 2016. Id. The ALJ further explained that while Campbell suffered from anxiety and depression prior to December 21, 2016, her condition at that time was characterized by periods of general stability, regular sleep, stints of marked improvement, and some positive response to medication. As such, the ALJ"s determination that Campbell was not disabled prior to December 21, 2016 is supported by substantial evidence in the record. To be sure, the record also contains evidence that might support the opposite conclusion; however, the court's role is merely to determine whether the ALJ's determination "is supported by the substantial evidence," which does not contemplate "reweigh[ing] conflicting evidence." Craig, 76 F.3d at 589. Because substantial evidence supports the determination here, the court may not disturb it.

Campbell fails to meaningfully contest the evidence on which the ALJ relied. Instead, Campbell explains that the ALJ's determination of her disability onset date is not supported by substantial evidence because the ALJ arrived at the date arbitrarily, basing it solely upon a report from Dr. Pridgen dated the same day, December 21, 2016. By way of background, the ALJ determined Campbell's disability onset date by according controlling weight to Dr. Pridgen's December 21, 2016 report. In that report, Dr. Pridgen opined that Campbell "was extremely limited in her ability to interact appropriately with the general public or to work in coordination or proximity to others without being distracted." Tr. 26. The ALJ noted that this evidence in the record was the first evidence

6

tending to show that Campbell's impairments were disabling, and contrasted it with Dr. Pridgen's earlier opinion:

> Dr. Pridgen's second opinion is notable for its contrast with her earlier opinion from May 2016, indicating that the claimant was able to function adequately despite her symptoms. That difference is consistent with the fact that the claimant stopped treatment at [the Medical University of South Carolina] in November 2016. Subsequent medical records indicate that she has not been able to achieve good control of her symptoms. Dr. Pridgen's opinion is consistent with that trajectory, and was based on regular visits with the claimant over a period of almost two years.

Id. Accordingly, the ALJ calculated a disability onset date of December 21, 2016.

Objecting, Campbell argues that her "impairments and their functional effects did not come into fruition from the stroke of a pen[.]" ECF No. 26 at 2. Of course, Campbell is correct that her disability did not materialize on December 21, 2016 merely because Dr. Pridgen authored a report on that day stating as much. But, the only means an ALJ has for making a determination is by relying on the evidence submitted, a limitation the regulations expressly recognize. See 20 C.F.R. § 404.1520 ("We will consider all evidence in your case record when we make a determination or decision whether you are disabled."). Therefore, an ALJ's determination of a disability onset date reflects the date on which the relevant evidence supports a finding of disability, not necessarily the date on which a claimant's disability actually manifested. Here, the ALJ determined that the first evidence sufficient to support of finding of disability was Dr. Pridgen's December 21, 2016 report. Thus, while Dr. Pridgen did not actualize Campbell's disability on December 21, 2016 with the stroke of her pen, she did thereby substantialize it on that date. The only question before the court is whether Dr. Pridgen's report constitutes substantial evidence for the ALJ's determination. The court concludes that it does and therefore rejects Campbell's objection.

## IV.  CONCLUSION

Based on the foregoing, the court **ADOPTS** the R&R and **AFFIRMS** the Commissioner's decision.

**AND IT IS SO ORDERED.**

 

_____
**DAVID C. NORTON
UNITED STATES DISTRICT JUDGE**

**March 24, 2021
Charleston, South Carolina**

8